**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

HUBSPOT, INC.,

        Plaintiff,

v.

MOZLY TECH LLC,

        Defendant.

Civil Action No.: _____

# DECLARATORY JUDGMENT COMPLAINT

HubSpot, Inc. ("HubSpot") is a Massachusetts-based technology company that provides, among other things, a cloud-based marketing and sales platform. HubSpot brings this action against Mozly Tech LLC ("Mozly"), a Texas-based entity whose entire business appears to be the assertion of patent infringement claims.

Mozly appears to have been formed in May 2015. It purportedly acquired U.S. Patent No. 7,367,044 ("'044 patent") in June 2015, and soon thereafter, filed lawsuits against over two dozen operating companies including HubSpot, all in the U.S. District Court for the Eastern District of Texas. Following the Supreme Court's recent venue opinion in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, Mozly moved to dismiss, without prejudice, its lawsuit against HubSpot in the Eastern District of Texas.

As the dismissal will be *without* prejudice, and as HubSpot is in apprehension of Mozly filing another patent infringement suit against it, HubSpot now files this action for declaratory relief.

## THE PARTIES

1. The plaintiff HubSpot is incorporated in Delaware and has a principal place of business at 25 First Street, Cambridge, Massachusetts.

2. On information and belief, defendant Mozly is a Texas limited liability company with an office address at 3400 Silverstone Drive, Suite 191-G, Plano, Texas.

## JURISDICTION AND VENUE

3. On or about June 6, 2017, Mozly served on HubSpot in Cambridge, Massachusetts, a complaint alleging that HubSpot infringes the '044 patent. Before HubSpot could respond to the complaint, Mozly represented to HubSpot in Massachusetts that it will move to dismiss the complaint *without* prejudice, but failed to promise that it will not refile the complaint at another date and/or in another jurisdiction. There is therefore an actual immediate dispute and substantial controversy between the parties as to whether HubSpot infringes the '044 patent claims, and whether those claims are invalid.

4. This Court has subject matter jurisdiction over HubSpot's claims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, 2202, and the U.S. Patent Laws, 35 U.S.C. § 1 et seq.

5. This Court has personal jurisdiction over Mozly at least because Mozly has caused tortious injury to HubSpot by serving allegations of patent infringement on HubSpot in Cambridge, Massachusetts. Such tortious injury includes, but is not limited to, HubSpot's anticipation and apprehension of an imminent patent infringement lawsuit being filed against it. This complaint arises directly from Mozly's actions in Massachusetts.

6. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391, at least because this Court has personal jurisdiction over Mozly, and because a substantial part of the events giving rise to this action took place in this district.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '044 PATENT

7. HubSpot incorporates by reference all the above paragraphs, as if fully set forth herein.

8. The '044 patent, titled, "System and Method for Network Operation," was issued by the United States Patent and Trademark Office on April 29, 2008. A copy of the '044 patent is attached as Exhibit A hereto.

9. HubSpot does not infringe any valid claim of the '044 patent, whether directly or indirectly.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '044 PATENT

10. HubSpot incorporates by reference all the above paragraphs, as if fully set forth herein.

11. Each and every claim of the '044 patent is invalid for failure to comply with the conditions and requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or § 112.

12. For example, claims 1 through 9 of the '044 patent are invalid as anticipated and/or obvious in view of at least U.S. Patent No. 7,024,478, U.S. Patent No. 6,968,209, and/or U.S. Patent Publication No. 2002/0049828. Additionally, claims 1 through 9 of the '044 are invalid because they claim patent ineligible subject matter, namely the abstract idea of remotely storing contact information including telephone numbers for dialing.

## DEMAND FOR JURY TRIAL

HubSpot demands a trial by jury for all issues so triable.

## RELIEF REQUESTED

WHEREFORE, HubSpot requests that the Court grant the following relief:

A. Enter a judgment declaring that HubSpot has not infringed and does not infringe, either directly or indirectly, the '044 patent;

B. Enter a judgment declaring that all claims of the '044 patent are invalid;

C. Declare this case exceptional and award HubSpot its reasonable costs, expenses, and attorneys' fees; and

D. Award HubSpot any and all other relief that the Court deems just and proper.


Dated: July 20, 2017

Respectfully submitted,

*/s/ Steven M. Bauer*
Steven M. Bauer (BBO No. 542531)
Safraz W. Ishmael (BBO No. 657881)
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110
Tel: (617) 526-9600
Fax: (617) 526-9899
sbauer@proskauer.com
sishmael@proskauer.com

**ATTORNEYS FOR PLAINTIFF
HUBSPOT, INC.**